No. 2526.—MRS. MARY ANN FISK *v.* F. M. FISK, her Husband.

A preponderance of testimony in favor of a marriage, is sufficient to base a judgment for alimony, pending the suit for divorce; but such judgment, rendered on rule, will not preclude the husband from urging the plea at the final trial that there was no marriage.

APPEAL from the Sixth District Court of New Orleans. *Cooley*, J. *A. N. & H. N. Ogden*, for plaintiff and appellee. *M. M. Cohen & Son* and *W. H. Hunt*, for defendant and appellant.

WYLY, J. Pending the contest for divorce in this case, the plaintiff filed a rule for alimony, and the defendant has appealed from the judgment on that rule, which is as follows:

"In the matter for the prayer for alimony, filed in this case by the plaintiff, the court, for the reasons assigned in the written opinion this day filed, ordered and adjudged that the prayer for alimony be allowed, and that plaintiff, Mary Ann Fisk, wife of Francis M. Fisk, do have and recover from the defendant, the said F. M. Fisk, the sum of two hundred dollars, as alimony, payable monthly, during the pendency of this suit and the further order of court."

The case not having been tried on its merits, is only presented for consideration on the question whether the plaintiff is entitled to a sum for her maintenance during the pendency of the suit, proportioned to the means of the defendant.

The demand for alimony is resisted by the defendant, on the ground that he never was married to the plaintiff; also that he had not the capacity to contract it, being at the time a married person.

To establish the marriage, the plaintiff introduced proof of cohabitation, general reputation, and her own direct testimony, in which she swears positively that she was married to the defendant in this city, on the twenty-seventh day of June, 1842. She also introduced proof of the admissions of the defendant, in her presence, that the marriage occurred.

On the other hand, the defendant, in testifying, denied positively the marriage; he also introduced proof to establish, by reputation, his marriage with another person, in order to show his incapacity, at the time, to contract the marriage with the defendant.

The evidence is extremely conflicting and unsatisfactory. It was carefully analyzed by the district judge, as appears in his written opinion in the record. Having the most important witnesses before him, he had a better opportunity than we have to ascertain their credibilty, and to determine what weight ought to be given to their evidence.

An examination of the proof inclines us to concur in his opinion, that the plaintiff should have the amount which he awarded for her maintenance during the pendency of the suit.

We attach no importance to the evidence given by the defendant,

51

conflicting with the sworn declarations of the plaintiff, as to the reality of the marriage, because his credibility was successfully impeached.

The testimony of the plaintiff, which was not discredited, added to the evidence in the record, showing cohabitation and a marriage, by reputation, we think sufficiently preponderates over the countervailing evidence at least to entitle her to alimony pending the litigation of this case on its merits.

Without impairing the right of the defendant to plead to the merits, that there was no marriage, we think that fact is made sufficiently to appear, at this time, to entitle the plaintiff to the sum which was allowed for her maintenance pending this suit.

It is therefore ordered that the judgment on the rule be affirmed, with costs, without prejudice to the defendant to urge in defense, on the merits, that there was no marriage.

Rehearing refused.